# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| BILLY W. DAVIS, ) | |
| ) | |
| *Plaintiffs,* ) | Civil Action No.: |
| ) | JURY TRIAL DEMANDED |
| v. ) | |
| ) | |
| ALABAMA CENTRAL CREDIT UNION, a ) | |
| domestic corporation, , SFC, a foreign corporation, ) | |
| and EQUIFAX INFORMATION SERVICE, L.L.C. ) | |
| a foreign corporation, ) | |
| ) | |
| *Defendants.* ) | |

## COMPLAINT

COME NOW Plaintiffs, by and through the undersigned attorney, and would show unto this Court as follows:

## PRELIMINARY STATEMENT

1. This petition is an action for statutory and actual damages, brought by an individual consumer (hereinafter referred to as "Plaintiff") against Defendants, jointly and severally, for violations of both the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* (hereinafter referred to as "FDCPA"), and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (hereinafter referred to as "FCRA").

2. In addition, this petition seeks actual, compensatory, statutory, and/or punitive damages under Alabama state law and the Alabama Deceptive Trade Practices Act, Ala. Code 1975 § 8-19-1, *et seq.* (hereinafter referred to as "ADTPA"), pursuant to this Court's pendent and supplemental jurisdiction.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under the FDCPA, 15 U.S.C. § 1692k(d), the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331, and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  Defendants' violations of Plaintiffs' rights, as alleged herein, occurred in Winston County, Alabama, and were committed within the Northern Division of the Southern District of Alabama.

## PARTIES

4. Plaintiff BILLY W. DAVIS is a natural person and a resident and citizen of JEFFERSON County, the State of Alabama, and of the United States.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and Ala. Code 1975 § 8-19-3(2).

5. Defendant ALABAMA CENTRAL CREDIT UNION (hereinafter referred to as "ALABAMA CENTRAL" or "Defendant") is a domestic corporation engaged in the business of furnishing consumers with credit in the State of Alabama.

6. Defendant SFC (hereinafter referred to as "SFC" or "Defendant") is a foreign corporation engaged as "debt collectors" as defined by and within the meaning of the FDCPA, 15 U.S.C. § 1692a(6), and as a "person" as defined under Ala. Code 1975 § 8-19-3(5), engaged in the business of collecting debts in this State where SFC regularly collects or attempts to collect debts owed or due or asserted to be owed or due another and whose principal purpose is the collection of debts using the mails and telephone.

7. Defendant EQUIFAX INFORMATION SERVICSES, L.L.C. (hereinafter referred to as "EQUIFAX" or "Defendant") is a foreign limited liability company licensed to do business within the State of Alabama.  EQUIFAX is a consumer reporting agency, as

defined in section 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## FACTUAL ALLEGATIONS
## DEFENDANTS ALABAMA CENTRAL AND SFC

8. Plaintiffs restate and reiterate herein all previous paragraphs.

9. Plaintiff filed bankruptcy and was discharged on January 11, 2008 with Defendants either receiving a copy of the discharge order, or receiving notice through their inquiry into Plaintiffs' credit reports. The case number is 06-02456 and it was filed in the Nothern District of the Alabama Bankruptcy Court.

10. Despite their receipt of the aforementioned court order, Defendants continue to report Plaintiffs' accounts to one or more of the three national consumer reporting agencies (hereinafter referred to as "CRAs") as having current balances due and payable rather than reflecting that such were discharged in bankruptcy. More specifically:

   a)   Defendant ALABAMA CENTRAL shows a balance of $536.00 on Plaintiff BILLY W. DAVIS EQUIFAX reports.

   b)   Defedant SFC shows a balance of $377.00 on Plaintiff BILLY W. DAVIS EQUIFAX reports.

11. Defendants have intentionally and maliciously failed and/or refused to either accurately report the accounts as having been discharged in bankruptcy or notify the CRAs that such accounts have a zero balance as a result of being discharged in bankruptcy.

12. Plaintiffs' credit reports, credit worthiness, and credit scores have been negatively impacted by the inaccurate reporting of Defendants.

13. Defendants have proximately caused Plaintiffs past and future monetary loss, past and future damage to Plaintiffs' credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the jury.

14. Defendants knew and know that a discharge order means Plaintiff no longer owes the debts and has no personal liability to Defendants. However, Defendants have made corporate decisions to willfully and maliciously act contrary to their knowledge in a calculated decision to violate the requirements to properly update Plaintiffs' account.

15. Defendants have a policy and procedure to refuse to properly update credit reports of consumers, such as Plaintiffs, who have discharged their debts. The reason is to keep false information on their credit reports. The false information consists of a balance shown as owed absent any reference to the debt being discharged in Bankruptcy.

16. Defendants update numerous accounts each month with allegedly the correct information regarding the balances but have willfully and maliciously refused to do so with Plaintiffs and other consumers who are similarly situated.

17. Defendants have willfully and maliciously failed to report Plaintiffs' accounts as having "0" balances as required by 16 CFR § 607(6) which states, "a consumer report may include an account that was discharged in bankruptcy (as well as the bankruptcy itself), as long as it reports a zero balance due to reflect the fact that the consumer is no longer liable for the discharged debt."

18. Defendants have promised, through their subscriber agreements or contracts with the

CRAs, to update accounts that have been discharged in bankruptcy but they have willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, FDCPA, ADTPA, federal law and state law which has resulted in this information remaining on Plaintiffs' credit reports.

19. Defendants have a policy to "park" their accounts on at least one of the Plaintiffs' credit reports. This industry-specific term refers to keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain refinancing, qualify for a loan, or increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.

20. In the context of parking an account, Defendants have an obligation and duty under federal and state law to accurately report the balances and they willfully and maliciously refuse to do so.

21. Defendants have agreed to and understand they must follow the requirements of the FCRA including:

   a) 15 U.S.C. § 1681(a)(1)(a) which states, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

   b) 15 U.S.C. § 1681(a)(1)(B) which states, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if -

  (I)  the person has been notified by the consumer[1], at the address specified by the person for such notices, that specific information is inaccurate; and

  (ii)  the information is, in fact, inaccurate."

 c) 15 U.S.C. § 1681(a)(2) which states, "[a] person who -

  (A)  regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

  (B)  has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate."

22. Defendants know that parking a balance will lead to the publication of false and defamatory information every time Plaintiffs' credit reports are accessed. However, Defendants intentionally and maliciously intend to force Plaintiffs, and others similarly situated, to pay on an account that has been discharged.

23. Plaintiffs' credit reports have been accessed since the discharge and therefore the false information of Defendants has been published to third parties.

---

[1] The notice here comes from the federal bankruptcy court relating directly to the consumer.

24. When the consumer pays the "parked" account, Defendants claim that such payment was merely "voluntarily" or to pay off a "moral obligation." Defendants know and intend that, by willfully and maliciously parking the account on the credit report, an illegal payment can be extorted from the consumer.

25. Despite receiving disputes regarding its false reporting, Defendants have intentionally and knowingly maintained their policy of keeping false and damaging information on at least one of Plaintiffs' credit reports.

26. Defendants have a practice of maliciously, willfully, recklessly, wantonly, and/or negligently violating, ignoring, and refusing to follow the requirements of the FCRA, FDCPA, ADTPA, federal law and state law.

27. All actions taken by employees, agents, servants, or representatives of any type for Defendants were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

28. The actions of Defendants were malicious, wanton, reckless, intentional or willful, and performed with either the desire to harm Plaintiffs, and/or with the knowledge that their actions would very likely harm Plaintiffs, and/or that their actions were taken in violation of the law.

29. Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports which subjects them to punitive and statutory damages, and all other appropriate measures to punish and deter similar future conduct.

30. The actions, omissions, misrepresentations, and violations of the FCRA, FDCPA, federal

law, and state law of Defendants, regarding Plaintiffs' alleged debts, as described herein, constitute harassment which has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiffs, proximately causing Plaintiffs to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiffs will in the future continue to suffer the same.

**FACTUAL ALLEGATIONS**
**EQUIFAX**

31. Defendant has failed and/or refused to verify the accuracy of the information they have published and continue to publish in Plaintiffs' credit reports.

32. The intentional, reckless, and willful violations of the FCRA, federal law and state law of Defendant has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer the same.

**COUNT ONE**
**DEFENDANTS ALABAMA CENTRAL AND SFC**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. § 1692,** *et seq.*

33. Plaintiff restates and reiterates herein all previous paragraphs.

34. Defendants attempted to collect a consumer debt allegedly owed by Plaintiff and the obligation required Plaintiff to pay money arising out of transactions for personal, family, and household purposes. More specifically, the following actions of Defendants violated the FDCPA:

   a) Falsely attempting to collect a debt, by reporting a balance, when there is no legal

        right to collect the discharged debt;

    b)    Taking illegal actions against Plaintiffs;

    c)    Refusing to properly update the accounts;

    d)    Failing to show the accounts as being "disputed" by Plaintiffs; and

    e)    Reporting the invalid debt on Plaintiffs' credit reports.

35. The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine debt collection business and/or in gross reckless disregard of the rights of Plaintiff.

36. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692, *et seq.*

37. As a result of the above violations of the FDCPA, Defendants are liable to Plaintiff for a declaratory judgment that their conduct violated the FDCPA, and Plaintiffs' actual damages, statutory damages, costs and attorney's fees under 15 U.S.C. 1692k, civil liability [Section 813 of Pub. Law].

<u>**COUNT TWO**</u>
<u>**DEFENDANTS ALABAMA CENTRAL AND SFC**</u>
<u>**VIOLATIONS OF THE ALABAMA DECEPTIVE TRADE PRACTICES ACT**</u>
<u>**ALA. CODE 1975** § **8-19-3,** *et seq.*</u>

38. Plaintiff restates and reiterates herein all previous paragraphs.

39. The conduct described herein has caused actual confusion or misunderstanding as to the source, sponsorship, approval, or certification of services within the scope of the Alabama Deceptive Trade Practices Act, Ala. Code § 8-19-3.

40. Said conduct is generally and specifically within the meaning of the Alabama Deceptive

Trade Practices Act, Ala. Code § 8-19-3, *et seq.*, and in the course of business that is prohibited, unfair, and deceptive.

41. The foregoing acts and omissions of Defendants were undertaken by them willfully, intentionally, and knowingly as part of their routine debt collection business, and Plaintiff relied upon such representations as being lawful, yet such conduct is prohibited.

42. The conduct described herein has tremendous potential to be repeated where other consumers similarly situated will be treated with the same unscrupulous, unethical, unfair and deceptive acts and practices.

43. Defendants' unfair and deceptive acts have proximately caused emotional and actual damages and Defendants are liable to Plaintiff for such injury.

## COUNT THREE
## ALL DEFENDANTS
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681, *et seq.*

44. Plaintiff restates and reiterates herein all previous paragraphs.

45. In the entire course of their actions, Defendants willfully and/or negligently violated the provisions of the FCRA in the following respects:

   a) By willfully and/or negligently failing, in the preparation of the consumer reports concerning Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports;

   b) By willfully and/or negligently failing to comport with FCRA section 1681i;

   c) Defaming Plaintiff by publishing to third parties false information regarding Plaintiffs' creditworthiness;

    d)      Invading the privacy of Plaintiff; and

    e)      Failing in their duty to prevent foreseeable injury to Plaintiff.

46. The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly as part of their routine credit reporting business and/or in gross reckless disregard of the rights of Plaintiff.

47. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FCRA, 15 U.S.C. § 1681, *et seq.*

48. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for a declaratory judgment that Defendants' conduct violated the FCRA, and Plaintiffs' actual damages, statutory damages, and costs and attorney's fees under the FCRA.

## COUNT FOUR
## DEFENDANTS ALABAMA CENTRAL AND SFC
## NEGLIGENT, RECKLESS AND WANTON CONDUCT

49. Plaintiff restates and reiterates herein all previous paragraphs.

50. Defendants' acts, as described herein, were done so negligently and without care or concern for the well-being of Plaintiff.

51. As a proximate consequence of Defendants' negligence, Plaintiff have been caused to suffer severe emotional and mental distress.

52. As a result of the Defendants' unlawful acts, Defendants are liable to Plaintiff for actual, compensatory, and punitive damages, and costs and attorney's fees.

## COUNT FIVE
## DEFENDANTS ALABAMA AND SFC
## HARASSMENT

53. Plaintiff restates and reiterates herein all previous paragraphs.

54. Defendants' acts, as described herein, were done so intentionally, maliciously, and willfully, and without care or concern for Plaintiffs' well being. Defendants' harassing collection tactics created a hostile environment for Plaintiff.

55. Defendants wrongfully exploited Plaintiff in an attempt to coerce Plaintiff into paying the alleged debts.

56. Defendants' communications to Plaintiff were offensive and harassing.

57. As a proximate consequence of Defendants' harassment, Plaintiff has been embarrassed, offended, humiliated, emotionally distressed, and forced to hire the services of an attorney.

## COUNT SIX
## DEFENDANTS ALABAMA CENTRALAND SFC
## INVASION OF PRIVACY

58. Plaintiff restates and reiterates herein all previous paragraphs.

59. Defendants' conduct, as described herein, constitutes an invasion of Plaintiffs' privacy in that it intrudes into Plaintiffs' private life, publishes private facts regarding Plaintiff, and places Plaintiff in a false light in the eyes of those to whom the publications are made.

60. As a direct and proximate consequence of Defendants' acts of invading Plaintiffs' privacy, Plaintiff has been injured in that Plaintiff has been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## COUNT SEVEN
## ALL DEFENDANTS
## DEFAMATION

61. Plaintiff restates and reiterates herein all previous paragraphs.

62. Defendants published false information about Plaintiff by reporting to one or more of the CRAs either a false account or balance.

63. Each time the credit reports of Plaintiff were accessed, a new publication occurred, which was the result intended by Defendants.

64. Plaintiff alleges that the publications and defamations were done maliciously, without privilege, and with a willful intent to injure Plaintiff.

65. As a direct and proximate consequence of Defendants' acts of defamation, Plaintiff has been injured in that Plaintiff has been caused to suffer severe embarrassment, humiliation, and mental and emotional distress.

## COUNT EIGHT
## DEFENDANTS ALABAMA CENTRAL AND SFC
## MISREPRESENTATION

66. Plaintiff restates and reiterates herein all previous paragraphs.

67. Defendants intentionally, maliciously, recklessly and/or negligently misrepresented material facts in that they falsely represented that Plaintiff owes money to that Defendant.

68. Defendants intend that those who review the credit reports of Plaintiff will rely upon the misrepresentations and suppressions of material facts related to the balance owed and the lack of indication that the account was discharged in bankruptcy.

69. Defendants have intended that the justifiable and reasonable reliance by others would adversely affect Plaintiff.

70. As a direct and proximate consequence of Defendants' acts of misrepresentation, Plaintiff has been injured in that Plaintiff has been caused to suffer severe embarrassment,

humiliation, and mental and emotional distress.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against each and every Defendant, jointly and severally, by this Court for the following:

a) Award Plaintiffs actual damages;

b) Award Plaintiffs punitive damages;

c) Award Plaintiffs state and federal statutory damages;

d) Award Plaintiffs compensatory damages for mental and emotional distress, humiliation and embarrassment to be determined at trial;

ef) Award Plaintiffs reasonable attorney's fees and costs of this litigation; and

f) Grant such other and further relief as this Honorable Court deems just and proper.

RESPECTFULLY SUBMITTED this _____ day of June, 2009.

_____
K. Anderson Nelms (NEL022 )
*Counsel for Plaintiff*
2005 Cobbs Ford Road, Suite 301A
Prattville, Alabama 36066
Phone:(334) 351-1770
Facsimile:(334) 351-1774
Email: courtnotices@andresonnelms.com

OF COUNSEL:
Anderson Nelms & Associates, LLC
Sterling Bank Building, Third Floor
2005 Cobbs Ford Road, Suite 301A
Prattville, Alabama 36066

**THE DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

ALABAMA CENTRAL CREDIT UNION.

3601 4TH Avenue South

Birmingham, Alabama 35222


SFC

c/o CSC

P.O. Box 4600

Scottsdale, Arizona 85251-4600


EQUIFAX INFORMATION SERVICES, INC.

c/o CSC Lawyers Incorporating Service, Inc.

150 S. Perry Street

Montgomery, Alabama 36104
